FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ JUL 22 2014 ★

BROOKLYN OFFICE

DF
Rec'd
7/23/14
KM

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X

TAY d/b/a
DONTAVIOUS SHERRODE SMITH,

           Plaintiff,

-against-

NEIL DASH, M.D., LABORATORY
CORPORATION OF AMERICA HOLDINGS;
STATE OF FLORIDA; SCHOOL BOARD OF
BREVARD COUNTY FLORIDA, AMERICAN
INTERNATIONAL GROUP, INC.;
J.P. MORGAN CHASE BANK N.A.,

           Defendants.
------------------------------------------------------------X

NOT FOR ELECTRONIC OR
PRINT PUBLICATION

MEMORANDUM
AND ORDER

14-CV-4047 (ARR) (LB)

ALLYNE R. ROSS, United States District Judge:

On June 27, 2014, plaintiff Tay, also known as, Dontavious Sherrode Smith, appearing *pro se*, filed this action against defendants. The complaint is dismissed as set forth below.

### Background

Plaintiff alleges that defendants falsified a drug test performed in February, 2009, for the School Board of Brevard County, Florida, which test was required as part of his application for a substitute teaching position. See generally Compl., DE #1. Plaintiff argues that defendants have entered into a scheme intended to keep him in poverty in violation of the Racketeer Influenced and Corrupt Organization's Act ("RICO") and other federal laws. He also asserts a litany of state-law claims. Plaintiff seeks, among other things, a variety of damages, "Fat Boy Relief," "[a] custom 2014 Rolls Royce Wraith," "a [n]ationwide legal medicinal marijuana license," "a $3,650 gas card voucher," and "[a] '365 Word Deeply Rooted Apology'; 365 words, 10 word sentences, 5 paragraphs, 12 size font, double spaced in Times New Roman font letter of apology from each RICO

Defendant[] . . . ." Compl. at 7-8.

## Standard of Review

A complaint must plead "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Although all allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." Id. While *pro se* complaints must contain sufficient factual allegations to meet the plausibility standard, see Harris v. Mills, 572 F.3d 66, 72 (2d Cir. 2009), the court reviews such allegations by reading the complaint with "special solicitude" and interpreting the allegations to raise the "strongest arguments that they suggest." Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 474-75 (2d Cir. 2006) (*per curiam*); see also Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)) (internal quotation marks omitted)).

Nonetheless, pursuant to the *in forma pauperis* statute, the court must dismiss a complaint if it determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). An action is frivolous when "the factual contentions are clearly baseless, such as when allegations are the product of delusion or fantasy." Livingston v. Adirondack Beverage Co., 141 F.3d 434, 437 (2d Cir. 1998) (internal quotations and citations omitted). "[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." Denton v. Hernandez, 504 U.S. 25, 33 (1992); see also Scanlon v. Vermont, 423 F. App'x 78, 79 (2d

Cir. 2011) (summary order).

## Discussion

Plaintiff has filed several complaints against the same defendants arising from the same acts or occurrences in the Middle District of Florida. Indeed, plaintiff was so litigious in his filings that he was barred from filing any new action related to the purported false drug test he took in 2009 in order to obtain employment with the Florida School Board for Brevard County. See Smith a/k/a Tay v. State of Fla., No. 6:12-cv-00439-CEH-KRS (M.D. FL. Aug. 7, 2012) (dismissing complaint and entering filing injunction); Smith v. Sch. Bd. of Brevard Cnty., No. 6:11-cv-731-GAP-KRS (M.D. Fla. May 25, 2011) (dismissing complaint with prejudice and prohibiting plaintiff "from filing any more pleadings in this case"); Smith v. Sch. Bd. of Brevard Cnty., No. 6:09-cv-2033-GAP-KRS, 2010 WL 1385866, at *1 (M.D. Fla. Apr. 1, 2010) (dismissing third amended complaint as "utter nonsense" and with prejudice); see also Smith v. State of Fla., No. 6:12-cv-1385-JA-GJK (M.D. Fla. Dec. 20, 2012) (complaint dismissed with prejudice and Clerk directed "to not accept any further pleadings, motions or other documents from Plaintiff in this case."); United States v. Leroy Berry, No. 6:12-mc-123-JA-GJK (M.D. Fla. Apr. 9, 2013) ("private criminal complaint" dismissed with prejudice); Smith v. Chairman of the Postal Service, No. 6:13-cv-516-ACC-DAB (M.D. Fla. Apr. 19, 2013) (dismissing complaint with prejudice and outlining plaintiff's litigation history). The court will not allow plaintiff to circumvent the Middle District's filing injunction by allowing this complaint to proceed here. Moreover, plaintiff's claims of RICO and other federal law violations against defendants are clearly frivolous and have no basis in law or fact. Even a well-pleaded complaint may be dismissed as factually frivolous "if the sufficiently well-pleaded facts are clearly baseless—that is, they are fanciful, fantastic, or delusional." Gallop v. Cheney, 642 F.3d 364, 368

3

(2d Cir. 2011) (internal quotation marks omitted).

## Warning

Plaintiff is cautioned that the continued filing of similar complaints in this district will result in a filing injunction in this court as well. "The district courts have the power and obligation to protect the public and the efficient administration of justice from individuals who have a history of litigation entailing vexation, harassment and needless expense to other parties and an unnecessary burden on the courts and their supporting personnel." Lau v. Meddaugh, 229 F.3d 121, 123 (2d Cir. 2000) (internal quotation marks and citations omitted); Moates v. Barkley, 147 F.3d 207, 208 (2d Cir. 1998) (*per curiam*) (district court may enjoin parties from filing further lawsuits upon notice and an opportunity to be heard); MLE Realty Assocs. v. Handler, 192 F.3d 259, 261 (2d Cir. 1999); Safir v. U.S. Lines, Inc., 792 F.2d 19, 24 (2d Cir. 1986) (outlining factors to be considered in imposing filing injunction); see also Hong Mai Sa v. Doe, 406 F.3d 155, 158 (2d Cir. 2005); 28 U.S.C. § 1651(a).

Conclusion

Accordingly, the complaint, filed *in forma pauperis*, is dismissed as frivolous or malicious pursuant to 28 U.S.C. § 1915(e)(2)(B)(i). Judge Weinstein's prior order setting a conference schedule is vacated. No response is required of any of the defendants named.

The court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Memorandum and Order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Allyne R. Ross
United States District Judge

Dated: July 22, 2014
Brooklyn, New York

5